IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLIE CASTILLO, | : | Civil No. 1:22-CV-00417 |
| Plaintiff, | : | |
| v. | : | |
| CORRECTION OFFICER O'HAINE, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# **MEMORANDUM**

Before the court is Defendant O'Haine's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Doc. 46.) For the following reasons, the court will grant the motion in part and strike all requests for compensatory damages in this matter.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his initial complaint on March 31, 2022. (Doc. 1.) His allegations revolved around an allegedly falsified misconduct brought against him following a stay at Geisinger Wyoming Valley Hospital. (*Id.*) He named five defendants: (1) Corrections Officer O'Haine ("O'Haine"); (2) Corrections Officer Chi Hany; (3) Superintendent Kevin Ransom; (4) Assistant Superintendent Nicole Hogan; and (5) Hearing Examiner CJ McKeown. (*Id.*, pp. 2–4.)[1] Plaintiff raised Fourth, Sixth, Eighth, and Fourteenth Amendment claims. (*Id.*)

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

1

Defendants filed a motion to dismiss the complaint on June 6, 2022. Following briefing, the court entered an order granting the motion. (Docs. 21, 22.) The court dismissed the Sixth Amendment claims with prejudice and the Fourth, Eighth, and Fourteenth Amendment claims without prejudice. (Doc. 22.) The court granted Plaintiff leave to file an amended complaint. (*Id.*)

Plaintiff filed an amended complaint on February 23, 2023. (Doc. 26.) Defendants filed a motion to dismiss the amended complaint for failure to state a claim and a brief in support on March 6, 2023. (Docs. 27, 28.) Plaintiff responded by filing a brief in opposition on March 23, 2023. (Doc. 32.) On December 1, 2023, the court entered a memorandum and order dismissing all claims raised in the amended complaint except the First Amendment retaliation claim and the Fourteenth Amendment privacy claim against Defendant O'Haine. (Docs. 39, 40.) The court granted Plaintiff leave to file a second amended complaint. (*Id.*)

On December 8, 2023, the court received and documented Plaintiff's motion to proceed with one defendant: Defendant O'Haine. (Doc. 43.) The court granted this motion on December 11, 2023, and ordered Defendant O'Haine to answer the complaint. (Doc. 44.) Defendant O'Haine filed an answer to the complaint on December 19, 2023. (Doc. 46.)

On the same date, Defendant O'Haine filed the instant motion for judgment on the pleadings and a brief in support. (Docs. 46, 47.) Plaintiff filed a brief in

2

opposition on March 19, 2024.  (Doc. 60.)  Defendant O'Haine filed a reply brief on the same day.  (Doc. 61.)  The court will now address the pending motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

### JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Dallas, located in Luzerne County, Pennsylvania, which is located within this district. *See* 28 U.S.C. § 118(b).

### STANDARD OF REVIEW

After the pleadings are closed, "a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  Courts utilize the same standard for a motion for judgments on the pleadings pursuant to Rule 12(c) as for a motion to dismiss pursuant to Rule 12(b)(6).  *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004) ("there is no material difference in the applicable legal standards").  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of*

3

*Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

## DISCUSSION

Defendant O'Haine alleges that Plaintiff's complaint fails under the Prison Litigation Reform Act ("PLRA") because he has not pleaded any physical injury. (Doc. 47.)

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997, restricts a prisoner's ability to recover compensatory damages for solely mental and emotional injuries.  "No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  The Third Circuit Court of Appeals held that to satisfy § 1997e(e)'s physical injury requirement, a plaintiff must demonstrate a less than significant, but more than *de minimis* physical injury.  *Mitchell v. Horn*, 318 F.3d 523, 536 (3d Cir. 2003).  In *Mitchell*, the Third Circuit

also found that § 1997e(e) did not apply to claims seeking injunctive or declaratory relief.  *Id.*

Here, Plaintiff is seeking compensatory damages, but has not alleged that he suffered any physical harm.  (Doc. 26.)  In the amended complaint, Plaintiff alleges an injury of "violation of my constitutional rights, being placed in disciplinary confinement, loss of wages, diminished parole prospect, mental pain and suffering, mental anguish." (Doc. 26, p. 5.)  As relief, Plaintiff asked for "monetary relief for mental anguish and pain and suffering and whatever the court deems just and proper." (*Id.*)  Based on this, the amended complaint is deficient in its objective of obtaining compensatory damages for "mental anguish and pain and suffering."

Plaintiff's brief in opposition argues that the "whatever the court deems just and proper" clause in his prayer for relief saves the complaint because it is possible that the court could award punitive damages.  (Doc. 60.)   Defendant points to Fed. R. Civ. P. 8 as preventing Plaintiff from seeking punitive damages by failing to include the request in his complaint.  (Doc. 60.)  Fed. R. Civ. P. 8(a)(3) states that a pleading must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief."

The Third Circuit has held that a prior physical injury is not required under the PLRA for nominal and punitive damages premised on the violation of a constitutional right.  *Allah v. Al-Hafeez*, 226 F.3d 247, 252–53 (3d Cir. 2000).

Here, Plaintiff has raised a violation of a constitutional right and requested "whatever the court deems just and proper" as relief.  Therefore, the court will allow the case to proceed.  In accord with the PLRA, the court will strike all requests for compensatory damages.

## CONCLUSION

For the above stated reasons, the court will grant Defendant O'Haine's motion for judgment on the pleadings in part and strike all requests for compensatory damages in this matter.  However, the court will not enter judgment in favor Defendant O'Haine at this juncture.  Instead, the case will proceed on the two remaining claims with the limitation to nominal and punitive damages as relief.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: July 18, 2024