IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLIE CASTILLO, | : | Civil No. 1:22-CV-00417 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CORRECTION OFFICER O'HAINE, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

**MEMORANDUM**

Before the court are two motions for summary judgement filed by Charlie Castillo ("Plaintiff") and a motion for summary judgment filed by Officer O'Haine ("Defendant O'Haine").  (Docs. 76, 80, 87.)  In this case, Plaintiff did not exhaust his administrative remedies prior to filing his case in federal court.  Therefore, the court will grant Defendant O'Haine's motion for summary judgment and grant judgment in his favor.  The court will deny Plaintiff's initial motion for summary judgment and deem his second, unsupported motion for summary judgment withdrawn.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his initial complaint on March 31, 2022.  (Doc. 1.)  His allegations revolve around an allegedly falsified misconduct brought against him following a stay at Geisinger Wyoming Valley Hospital.  (*Id*.)  He named five defendants: (1) Defendant O'Haine; (2) Corrections Officer Chi Hany; (3)

Superintendent Kevin Ransom; (4) Assistant Superintendent Nicole Hogan; and (5) Hearing Examiner CJ McKeown.  (*Id.*, pp. 2–4.)[1]  Plaintiff raised Fourth, Sixth, Eighth, and Fourteenth Amendment claims.  (*Id.*)

Defendants filed a motion to dismiss the complaint on June 6, 2022. Following briefing, the court entered an order granting the motion.  (Docs. 21, 22.) The court dismissed the Sixth Amendment claims with prejudice and the Fourth, Eighth, and Fourteenth Amendment claims without prejudice.  (Doc. 22.)  The court granted Plaintiff leave to file an amended complaint. (*Id.*)

Plaintiff filed an amended complaint on February 23, 2023.  (Doc. 26.) Defendants filed a motion to dismiss the amended complaint for failure to state a claim and a brief in support on March 6, 2023.  (Docs. 27, 28.)  Plaintiff responded by filing a brief in opposition on March 23, 2023.  (Doc. 32.)  On December 1, 2023, the court entered a memorandum and order dismissing all claims raised in the amended complaint except the First Amendment retaliation claim and the Fourteenth Amendment privacy claim against Defendant O'Haine.  (Docs. 39, 40.) The court granted Plaintiff leave to file a second amended complaint.  (Docs. 39, 40.)  However, on December 8, 2023, the court received and documented Plaintiff's motion to proceed with one defendant: Defendant O'Haine.  (Doc. 43.) The court granted this motion on December 11, 2023, and ordered Defendant

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

O'Haine to answer the complaint.  (Doc. 44.)  Defendant O'Haine filed an answer

to the complaint on December 19, 2023.  (Doc. 46.)

On December 19, 2023, Defendant O'Haine also filed a motion for judgment

on the pleadings and a brief in support.  (Docs. 46, 47.)  Plaintiff filed a brief in

opposition on March 19, 2024.  (Doc. 60.)  Defendant O'Haine filed a reply brief

on the same day.  (Doc. 61.)  On July 18, 2024, the court entered an order granting

Defendant O'Haine's motion in part and denied his motion in part.  (Doc. 65.)  The

court struck Plaintiff's request for compensatory damages.  (*Id*.)  The court defined

the remaining claims as a First Amendment retaliation claim and a Fourteenth

Amendment privacy claim.  (*Id*.)

Plaintiff's First Amendment retaliation claim is premised on the allegation

that Defendant O'Haine read Plaintiff's medical chart while he was being treated at

Geisinger Wyoming Valley Hospital.  (Doc. 26, pp. 4–5.)  Plaintiff alleges that he

told a nurse that allowing Defendant O'Haine to read his medical record without

his consent is a violation of HIPPA law.  (*Id*., p. 5.)  That nurse then took the

medical file from Defendant O'Haine, but not before he read a couple pages of the

file.  (*Id*.)  Plaintiff states that Defendant O'Haine became visually upset with him

and began to interrogate him about his status at SCI-Dallas.  (*Id*.)  He alleges that

Defendant O'Haine then took the information Plaintiff provided and filed a false

misconduct report out of retaliation for asserting his right to privacy.  (*Id*.)

3

Plaintiff premises the Fourteenth Amendment claim on Defendant O'Haine's action of reading his medical file without Plaintiff's consent. (*Id*.).

On March 7, 2025, Plaintiff filed a motion for summary judgment with a brief in support. (Docs. 76, 77.) On April 30, 2025, Defendant O'Haine filed a brief in opposition and an answer to the statement of facts contained in Plaintiff's brief in support of his motion for summary judgment. (Docs. 83, 84.)

On April 30, 2025, Defendant O'Haine filed a motion for summary judgement with a separate statement of facts and a brief in support. (Docs. 80, 81, 82.) Plaintiff filed a brief in opposition on June 13, 2025. (Doc. 86.) On July 28, 2025, Defendant O'Haine filed a reply brief. (Doc. 91.)

On June 13, 2025, Plaintiff filed a second motion for summary judgment. (Doc. 87.) This motion was not supported by a brief in support or statement of facts.

The court will now address the three pending motions for summary judgment.

JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the

claims occurred at SCI-Dallas, located in Luzerne County, Pennsylvania, which is located within this district.  *See* 28 U.S.C. § 118(b).

## STANDARD OF REVIEW

A court may grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute of fact is material if resolution of the dispute "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is not precluded by "[f]actual disputes that are irrelevant or unnecessary."  *Id.*  "A dispute is genuine if a reasonable trier-of-fact could find in favor of the nonmovant' and 'material if it could affect the outcome of the case."  *Thomas v. Tice*, 943 F.3d 145, 149 (3d Cir. 2019) (quoting *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)).  The court may not "weigh the evidence" or "determine the truth of the matter."  *Anderson*, 477 U.S. at 249.  Instead, the

5

court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The non-moving party must then oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but, instead, 'must set forth specific facts showing that there is a genuine issue for trial.  Bare assertions, conclusory allegations, or suspicions will not suffice.'" *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.  "Where the record taken as a whole could not lead a rational trier of fact to find for the

6

non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

### A. Plaintiff's First Motion for Summary Judgment Will Be Denied.

In Plaintiff's first motion for summary judgment, he sets forth seven paragraphs of facts as undisputed material facts.  (Doc. 77, pp. 3–4.)  However, Plaintiff provides no citation to any evidence.  (*Id*.)  Plaintiff did attach 35 pages of evidence in support of his petition, including the grievances he filed, the responses to those grievances, and a disciplinary disposition form.  (Doc. 77-1.)

Local Rule 56.1 requires "[s]tatements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements."  L.R. 56.1.  Here, Plaintiff's statement of facts does not meet the requirements of Local Rule 56.1.

As set forth above, the party moving for summary judgment "bears the initial the responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  Plaintiff's motion for summary judgment has not met this requirement.  The court

will not scour the documents submitted by Plaintiff to determine whether there is support for his assertion of undisputed material facts.  That was Plaintiff's responsibility.  Therefore, the motion will be denied.

### B. Defendant's Motion for Summary Judgment Will Be Granted.

Defendant O'Haine seeks summary judgment on the basis that Plaintiff did not exhaust his administrative remedies prior to filing an action in federal court. (Doc. 82.)

#### 1. Admitted Facts

As part of the statement of facts, Defendant O'Haine sets forth the administrative history of Misconduct B971654, Grievance 955793, Grievance 956871, and Grievance 958315.  (Doc. 81, pp. 2–11.)

#### i. Misconduct B971654

Defendant O'Haine issued Misconduct B971654 on November 11, 2021 stating that Plaintiff had used abusive, obscene, or inappropriate language to or about an employee.  (Doc. 81, p. 5; Doc. 81-2, p. 4.)  Plaintiff submitted his version of events and a request for witnesses on November 12, 2021.  (Doc. 81, p. 5; Doc. 81-2, pp. 8–9).  A disciplinary hearing was held on November 17, 2021, and Plaintiff was found guilty of the misconduct.  (Doc. 81, pp. 5–7; Doc. 81-2, pp. 5–7.)  Plaintiff appealed the Hearing Examiner's findings to both the Program

Review Committee and the Facility Manager, who both upheld the Hearing Officer's finding of guilt.  (Doc. 81, p. 7; Doc. 81-2, pp 2–3, 11–12.)

Plaintiff then sent an appeal to the Chief Hearing Examiner's Office which included only his final appeal and did not include the misconduct report, the hearing examiner's report, his version and witness form, his appeal to the Program Review Committee, the response from the Program Review Committee, his appeal to the Facility Manager, and the appeal response from the Facility Manager.  (Doc. 81, p. 7; Doc. 82-3, p. 2–3.)  He was given seven days to re-submit the appeal with the necessary documents.  (Doc. 82-3, p. 2.)  Defendants' statement of facts is silent as to whether or not Plaintiff resubmitted the appeal with the necessary documents.

### ii.  Grievance 955793

Grievance 955793 is dated November 11, 2021, and states that Defendant O'Haine lied in his misconduct report and that Plaintiff is seeking assistance in getting the hospital records to prove the lie.  (Doc. 81, p. 9; 81-6, pp. 4–5.)  Plaintiff does not seek any monetary relief in this grievance.  (*Id.*)  The Grievance Coordinator received the grievance on November 22, 2021.  (*Id.*)  The grievance was rejected on November 23, 2021 because Plaintiff did not provide the date of the incident.  (Doc. 81, p. 9; Doc. 81-6, p. 3.)  Plaintiff did not properly appeal this

grievance to the final review with the Secretary's Office of Grievances and Appeals.  (Doc. 81, p. 10; Doc. 81-5[2]; Doc. 81-6, p. 2.)

### iii. Grievance 956871

Grievance 956871 is dated November 24, 2021, and challenges the Hearing Examiner's decision and requests that the staff at the hospital be contacted to gather supporting or disputing facts concerning the misconduct.  (Doc. 81, p. 10; Doc. 81-7, pp. 7–8.)  This grievance makes no reference to Defendant O'Haine reviewing Plaintiff's medical records.  (Doc. 81-7, pp. 7–8.)  The grievance was received on December 1, 2021.  (Doc. 81, p. 10; Doc. 81-7, pp. 7–8.)  The grievance was rejected on December 1, 2021 because it pertained to the misconduct and discipline proceedings under DC-ADM 801 and not DC-ADM 804 and because it exceeded the page limit.  (Doc. 81, p. 10; Doc. 81-7, p. 6.)

Plaintiff then resubmitted the grievance, which was received on December 9, 2021.  (Doc. 81, p. 10; Doc. 81-7, pp. 4–5.)  In the grievance, Plaintiff states that the Hearing Examiner's failure to call his witnesses was a violation of the Fourteenth Amendment.  (Doc. 81-7, pp. 4–5.)  Plaintiff requests that his witnesses be called and his misconduct be downgraded.  (Doc. 81, p. 10; Doc. 81-7, pp. 4–5.)  This grievance did not seek monetary damages or address Defendant O'Haine's

---

[2] This appears to be a chart of all Plaintiff's grievances filed in the DOC system, but there is no affidavit to authenticate this chart or its meaning.  (Doc. 81-5.)  Therefore, the court cannot rely on it as evidence in support of all the grievances and their procedural standings.  *See* Fed. R. Evid. 901.

alleged viewing of Plaintiff's medical records. (Doc. 81, p. 11; Doc. 81-7, pp. 4–5.) Again, the grievance was denied because it pertained to the misconduct and discipline procedures under DC-ADM 801. (Doc. 81, p. 10; Doc. 81-7, p. 3.) Plaintiff did not properly appeal this grievance to the final review with the Secretary's Office of Grievances and Appeals. (Doc. 81, p. 11; Doc. 81-7, p. 2.)

### iv. Grievance 958315

Grievance 958315 was filed on December 8, 2021 and grieved issues in viewing and receiving copies of his medical file. (Doc. 81, p. 11; Doc. 81-8, pp. 4–5. The grievance names Lisa Wheeler, but not Defendant O'Haine. (Doc. 81, p. 11; Doc. 81-8, pp. 4–5.) The grievance does not address any alleged retaliation, a right to privacy, or monetary relief. (Doc. 81, p. 11; Doc. 81-8, pp. 4–5.) The grievance was received on December 18, 2021. (Doc. 81, p. 11; Doc. 81-8, p. 4.) On January 11, 2022, the grievance was denied after the Grievance Coordinator found there was no evidence of wrongdoing. (Doc. 81-8, p. 3.) Plaintiff did not properly appeal this grievance to the final review with the Secretary's Office of Grievances and Appeals. (Doc. 81, p. 11; Doc. 81-8, p. 2.)

### v. No Response from Plaintiff

Plaintiff did not respond to the statement of facts set forth by Defendant O'Haine. (Doc. 86.) Local Rule 56.1 requires the following of the moving and non-moving parties:

11

> A motion for summary judgment filed pursuant to Fed.R.Civ.P.56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.
>
> The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.
>
> Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.
>
> All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

L.R. 56.1.  Therefore, the court deems the statement of facts set forth by Defendant O'Haine as admitted.

### 2.  Discussion

The Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e et seq., requires prisoners to exhaust available administrative remedies before suing prison officials for alleged constitutional violations.  *See id.* § 1997e(a); *Ross v. Blake*, 578 U.S. 632, 639, 642 (2016) (explaining that only "available" remedies must be exhausted).  Proper exhaustion is mandatory, even if the inmate is seeking relief—like monetary damages—that cannot be granted by the administrative system.  *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006).  However, there are situations in which a grievance procedure may be rendered "unavailable" to an

inmate, such as when a prison official thwarts an inmate's ability to use it, *Ross*, 578 U.S. at 643–44, when intimidation by means of "serious threats of retaliation and bodily harm" prevent an inmate from filing, *Rinaldi v. United* States, 904 F.3d 257, 266–67 (3rd Cir. 2018), or when a prison has "rendered its administrative remedies unavailable . . . when it failed to timely (by its own procedural rules) respond to [an inmate's] grievance and then repeatedly ignored his follow-up requests for a decision on his claim," *Robinson v. Superintendent Rockview SCI*, 831 F.3d 148, 154 (3d Cir. 2016).

Under Third Circuit precedent, "exhaustion is a question of law to be determined by a judge, even if that determination requires the resolution of disputed facts." *Small v. Camden Cty.*, 728 F.3d 265, 269 (3d Cir. 2013) (citing *Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010)); *see also Drippe*, 604 F.3d at 781 ("Juries decide cases, not issues of judicial traffic control. Until the issue of exhaustion is resolved, the court cannot know whether it is to decide the case or the prison authorities are to.") (quoting *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008)); *cf. Wilkerson v. United States*, No. 3:13-1499, 2014 WL 1653249, at *9 (M.D. Pa. Apr. 24, 2014) ("[I]f there is a dispute of material fact, the court should conduct a plenary trial on the contested facts prior to making [an exhaustion of administrative remedies] determination."). "Although the availability of

13

administrative remedies to a prisoner is a question of law, it necessarily involves a factual inquiry." *Small*, 728 F.3d at 271 (citations omitted).

DC-ADM 804 describes the administrative remedies for inmate grievances within the Department of Corrections ("DOC"). (Doc. 81-4, p. 2.) DC-ADM 804 provides three levels of adjudication—an initial decision followed by two levels of review. (*Id.*, pp. 10, 16–20.) Grievances are initiated by an inmate filing an inmate-grievance form, which must be filed with the Facility Grievance Coordinator within 15 days of the incident giving rise to the grievance. (*Id.*, p. 6.) If the Facility Grievance Coordinator's decision on the grievance is unsatisfactory, the inmate can appeal that decision to two subsequent tiers of review: the Facility Manager and ultimately the Chief of the DOC Secretary's Office of Inmate Grievances and Appeals. (*Id.*, pp. 16–20.)

DC-ADM 804 lists three exceptions for issues that are not grievable under its provisions. Specifically, the initial review of issues relating to DOC policy DC-ADM 801, i.e. inmate discipline, are not covered under DC-ADM 804. (*Id.*, p. 6.) In other words, DC-ADM 804 explicitly states that "issues relating to" inmate discipline are not grievable under DC-ADM 804.

DC-ADM 801 provides three levels of possible review. (Doc. 81-1, p. 2.) After a finding of guilt, the inmate has 15 days to submit a written appeal to the Program Review Committee ("PRC"). (*Id.*, p. 31.) After the PRC issues its

14

decision, the inmate then has seven days to appeal to the Facility Manager. (*Id.*, p. 33.) Once the Facility Manager makes his or her decision, the inmate then has seven days to appeal to the DOC Chief Hearing Examiner's Office, Office of Chief Counsel, which provides the final level of review. (*Id.*, p. 34.)

Here, based on the admitted facts in this action, Plaintiff did not even raise, let alone exhaust, his administrative remedies concerning the retaliation claim and the privacy claim. He did not raise a First Amendment retaliation claim or a Fourteenth Amendment privacy claim in any of his grievances. Instead, all his attempts at administrative relief were focused on overturning the misconduct. And none of his attempts to overturn his misconduct were exhausted.

Furthermore, Plaintiff's brief in opposition repeatedly argues the validity of his constitutional claims rather than addressing the issue of exhaustion. (Doc. 86.) In fact, Plaintiff barley addresses the issue by generally asserting that the grievance system was unfairly inaccessible because directives were buried in the law library, he received no assistance, and the "systemic obstruction" excused any exhaustion requirements. (*Id.*) However, Plaintiff presents no evidence in support of his statements. The non-moving party must oppose the motion for summary judgment, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but, instead, 'must set forth specific facts showing that there is a

15

genuine issue for trial.  Bare assertions, conclusory allegations, or suspicions will not suffice.'"  *Jutrowski*, 904 F.3d at 288–89.

Here, Plaintiff's response is not sufficient to survive Defendant O'Haine's motion.  The court finds that the admitted material facts support a finding that Plaintiff did not exhaust his administrative remedies and there is no factually supported basis to excuse his failure to exhaust.  Therefore, Defendant O'Haine's motion for summary judgment will be granted, judgment will be granted in favor of Defendant O'Haine, and the case will be closed.

### C. Plaintiff's Second Motion for Summary Judgment Will Be Deemed Withdrawn.

Currently pending is Plaintiff's second motion for summary judgment. (Doc. 87.)  Plaintiff has not filed a brief in support of his motion.  Local Rule 7.5 states, in pertinent part, that "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. . . If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn."  Without a brief in support of the motion, the court has insufficient information to determine whether it is appropriate to grant or deny the motion at this time.  Therefore, the court will deem the motion withdrawn.

## CONCLUSION

For the above-stated reasons, the court will deny Plaintiff's first motion for summary judgment, grant Defendant O'Haine's motion for summary judgment, and deem Plaintiff's second motion for summary judgment as withdrawn. The court will enter judgment in favor of Defendant O'Haine and close the case.

An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: March 16, 2026